UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAY FARZAN, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNITED PARCEL SERVICE, INC. and : <br> MATRIX INFORMATION CONSULTING, : <br> INC., : <br> : <br> Defendants. : | Civil Action No. 10-1417 (SRC) <br><br> OPINION & ORDER |

**CHESLER, District Judge**

This matter comes before the Court on the motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant Matrix Information Consulting, Inc. ("Matrix.") For the reasons expressed below, the Court will deny Defendant's motion.

In brief, the Complaint alleges the following scenario. Plaintiff is 60 years of age, a Muslim, and an immigrant from Iran. Matrix is a company which places information technology professionals for corporate clients. Through Matrix, Plaintiff obtained employment with Defendant United Parcel Service, a position for which he had substantial qualifications. Shortly after he began work, a Matrix employee informed Plaintiff that his contract had been terminated. Plaintiff has filed a Complaint premised on employment discrimination.

Matrix moves to dismiss on two grounds: 1) Plaintiff was an independent contractor who is not protected under Title VII and the ADEA; and 2) Plaintiff has failed to state any cognizable claim against Matrix. Neither argument succeeds.

As to the argument that Plaintiff is an independent contractor, there are two problems.

First, the argument relies on facts outside the Complaint. In support of its motion to dismiss, Defendant offers an employment agreement entered into by Matrix and Plaintiff. This document is not a part of the Complaint, and may not be considered in deciding a motion to dismiss. Pryor v. NCAA, 288 F.3d 548, 560 (3d Cir. 2002). The Complaint itself does not allege that Plaintiff's relationship to United Parcel Service was that of an independent contractor. This alone requires rejection of Defendant's argument.

In addition, however, Matrix greatly oversimplifies the law regarding independent contractor status and Title VII. Although it is correct to say that Title VII does not protect independent contractors, the devil is in the details here: the test for independent contractor status is as complicated as anything gets in law, involving the 13-factor Reid analysis. Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 751 (1989). This is a fact-intensive inquiry that might be the subject of a motion for summary judgment. See, e.g., Salamon v. Our Lady of Victory Hosp., 514 F.3d 217, 226 (2d Cir. 2008). Certainly, at this stage, this Court cannot conclude that the Complaint alleges that Plaintiff had the status of an independent contractor. Matrix has failed to persuade that dismissal is appropriate on this ground.

Matrix next argues that the Complaint should be dismissed because, as against Matrix, Plaintiff has failed to state a prima facie case of employment discrimination. Again, this is unpersuasive, because the pleading requirements for employment discrimination claims are quite modest. In Fowler v. UPMC Shadyside, 578 F.3d 203, 212 (3d Cir. 2009), the Third Circuit considered the matter of pleading standards in employment discrimination cases in light of the Supreme Court jurisprudence of Twombly and Iqbal. Applying the Supreme Court's plausibility standard for pleading factual allegations, the Third Circuit found sufficient a complaint that was

not more detailed than the Complaint in this case. Id. The Third Circuit found that the complaint had pled the "how, when, and where" of the alleged discrimination, and concluded that that was sufficient. Id.

Applying this standard to the instant case, Plaintiff has pled the "how, when, and where" of the alleged discrimination. There is no question that Plaintiff has alleged that Defendants discriminated against him by terminating his employment, and he has pled specific facts in support. Matrix argues that the Complaint does not assert that Matrix engaged in any discriminatory conduct. This imposes a requirement on Plaintiff unsupported by law. Plaintiff alleged that a Matrix employee called him on the telephone and told him that he was terminated. In the context of this Complaint, under Fowler, that is sufficient to make plausible an employment discrimination claim against Matrix. Defendant has failed to persuade this Court that the Complaint fails to state a prima facie case of employment discrimination against Matrix.

For these reasons,

**IT IS** on this 22nd day of July, 2010

**ORDERED** that Defendant's motion to dismiss the Complaint (Docket Entry No. 8) is **DENIED**.

      s/Stanley R. Chesler
      STANLEY R. CHESLER
      United States District Judge