UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST. ROOM 2042
NEWARK, NJ 07102
973-645-3827

**Not for Publication**

**LETTER OPINION & ORDER**

August 8, 2011

**VIA CM/ECF**
All counsel of record

    Re:    **Farzan v. United Parcel Service, Inc., et al.**
           **Civil Action No. 10-1417 (SRC)(MAS)**

Dear Counsel:

    This matter comes before the Court by way of Plaintiff Ray Farzan's ("Plaintiff" or "Farzan") motion to amend the Complaint. (Docket Entry Number ("Doc. No.") 51 ("Pl.'s Moving Br."); Doc. No. 59 ("Pl.'s Reply Br.").) Defendants United Parcel Service, Inc. ("UPS") and Matrix Information Consulting, Inc. ("Matrix") (collectively, "Defendants") oppose the motion. (Doc. No. 55 ("UPS Opp'n Br."); Doc. No. 56 ("Matrix Opp'n Br.").)

    For the reasons stated below, Plaintiff's motion is denied without prejudice.

**I.**     **BACKGROUND**

    As the parties are well versed in the facts underlying this matter, the Court will address only those facts relevant to the motion currently pending before this Court. In brief, *pro se* Plaintiff is a 60-year-old Muslim immigrant from Iran. (Pl.'s Moving Br. 2.) In February of 2009, Matrix, a company that provides information technology consulting services, allegedly

obtained temporary employment for Plaintiff with UPS. (*Id.*)[1] Five weeks later, Plaintiff's employment ended. (*Id.*) Farzan filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") in May of 2009, alleging that he was terminated as a result of age and racial discrimination, and the EEOC subsequently issued two "Right to Sue" letters. (*Id.*) On March 18, 2010, Plaintiff filed a Complaint against Defendants for employment discrimination in violation of Title VII of the Civil Rights Act of 1963 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). (*Id.*)

Plaintiff now moves to amend the Complaint in order to join several UPS and Matrix employees and to add several defamation claims. (*See id.* at Ex. K ("Proposed Amend. Compl.") 2, 5.) Particularly, Plaintiff seeks to join Matrix employees Lucy Wayne, Frank Samicola, and Jeff Mirelli; Matrix owner Sharon Olzerwics; and UPS employees Ken Sigler, Robert Dolson, Rod Donlon, Phil Policano, and Gerald Mingue. (Proposed Amend. Compl. 2.)

## II. **LEGAL STANDARD & ANALYSIS**

Under the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether leave to amend a complaint should be granted "is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit has adopted a particularly liberal approach in favor of permitting pleading amendments so as to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

---

[1] Defendants consistently deny that Plaintiff was "employed" at any time. Instead, Defendants stress that Plaintiff was an independent contractor.

2

However, leave to amend a pleading may be denied if the Court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). With regard to whether a motion to amend a complaint should be denied on futility grounds, a court must consider whether "the complaint, as amended, would not survive a motion to dismiss for failure to state a claim." *Keller v. Schering-Plough, Corp.*, No. 04-669, 2007 U.S. Dist. LEXIS 75318, at *7 (D.N.J. Oct. 9. 2007) (citing *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002)). "This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim . . . ; this does require, however, that the newly asserted . . . [claims] appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). Indeed, a complaint must include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Furthermore, in conducting its futility analysis, the Court must "accept as true all of the factual allegations in the [proposed amended] complaint as well as the reasonable inferences that can be drawn from them." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001) (citing *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993)).

Here, Plaintiff asserts that he should be permitted to amend his Complaint in order to add nine individual employees as defendants to this matter and several defamation claims. (Proposed Amend. Compl. 2, 5.) According to Farzan, adding the proposed parties will expedite the discovery process, as Defendants refuse to answer certain discovery demands and will not schedule requested depositions based on the fact that the individual employees are not parties to this action.

(Pl.'s Moving Br. 4.) Thus, Farzan asserts that adding the individual employees "will significantly increase the chances of getting the Defendants to answer the key questions regarding the facts stated in the Complaint . . . ." (*Id.*)

Additionally, Plaintiff contends that he should be permitted to add defamation claims, alleging that Defendants made false, libelous statements to justify his termination. (*Id.* at 4, Exs. G, H and I; Pl.'s Reply Br. ¶ 10.) Specifically, Farzan refers to various instances of alleged defamation, which include the following statements made between UPS and Matrix: (i) Defendant Matrix documented in Human Resources records that it terminated Plaintiff's employment because he was "not senior enough[;]" (ii) Farzan was terminated because a "client was not happy with his work[;]" and (iii) Plaintiff "was not what they were looking for . . . because of performance issues." (Pl.'s Moving Br. Exs. G, H and I; Pl.'s Reply Br. ¶¶ 15-18, 23-26, 29.) Finally, Farzan asserts that adding the individual employees is necessary, in the event UPS and Matrix attempt to "distance themselves from the employees who made the defamatory statements against him." (Pl.'s Reply Br. ¶ 31.)

Defendants, however, vehemently oppose Plaintiff's motion on grounds of futility. First, based on the policy that federal employment discrimination laws prohibit individual liability, UPS contends that the Court should deny Plaintiff's request to add the individual employees as parties because the plaintiff cannot demonstrate a proper basis for their joinder. (UPS Opp'n Br. 5-9.) Second, UPS opposes the defamation claims based on Plaintiff's failure to plead a *prima facie* case, as he failed to identify defamatory words that were false and/or published to a third party. (*Id.* at 10-11.) Furthermore, UPS asserts that the statements Farzan highlights are protected under the litigation privilege, because the statements were made in response to Plaintiff's interrogatories. (*Id.* at 12-13.)

4

Lastly, UPS contends that even if the defamation claims were properly pleaded, because it is protected by a qualified privilege, permitting the claims would be futile. (*Id.* at 15.)

Similarly, Matrix argues that the Court must deny Plaintiff's proposed defamation claims, because Plaintiff failed to allege facts with the specificity needed to withstand a motion to dismiss. (Matrix Opp'n Br. 4, 6, 8.) Thus, Matrix contends that Farzan failed to plead a *prima facie* case. (*Id.*) Next, Matrix asserts that Plaintiff cannot defeat Defendants' affirmative qualified privilege defense. (*Id.*) Finally, Matrix contends that any claim of defamation brought against its agent, Mr. Mirelli, must likewise be dismissed as time barred. (*Id.* at 12 n.9.)

Having carefully reviewed and considered the relevant papers, each party's legal positions and the relevant case law, the Court finds good cause to deny without prejudice Plaintiff's motion to amend. First, it would be inappropriate for the Court to add individual employees to an action for the sole purpose of ensuring that discovery proceed in an expeditious matter. The proper measure to undertake for purposes of obtaining outstanding discovery is to file an application to compel discovery, provided leave from the Court to file same is granted.[2] Thus, the Court will not grant Plaintiff's motion to amend the Complaint to add the individual employees based solely on a need to push discovery forward.

Second, Plaintiff's attempt to join specific employees of Matrix and UPS under claims arising from Title VII and the ADEA is futile, as Title VII and the ADEA bar individual liability. *See, e.g., Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (en banc) (prohibiting individual liability under Title VI); *Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n.29 (3d Cir. 2006) (denying cause of action for individual liability under the ADEA).

---

[2] In fact, the Parties filed such motions to compel, but voluntarily withdrew the motions after amicably resolving a majority of the discovery disputes. (*See* Doc. No. 86.)

5

As a result, Plaintiff failed to state a claim upon which relief can be granted and, thus, the Court must deny without prejudice Farzan's request to add the defamations claims as futile.

Likewise, Plaintiff's proposed Title VII and ADEA claims against Matrix owner Sharon Olzerowics must also be denied without prejudice as futile. Indeed, courts within the Third Circuit have held specifically that individual owners cannot be personally liable under employment discrimination legislation. *See, e.g., Murray v. Re/Max First Realty*, No. 81-155, 2009 WL 2182522, at * 1 (D.N.J. July 21, 2009) (dismissing employee's Title VII discrimination claim against owner because an owner is not considered an "employer" within the meaning of the act); *Milliner v. Enak*, No. 98-467, 1998 U.S. Dist. LEXIS 6651, at **1, 4-7 (E.D. Penn. May 7, 1998) (dismissing Title VII action against owners because owners cannot be individually liable); *Manns v. Leather Shop*, 960 F. Supp. 925, 928 (D.V.I. 1997) (holding that applying individual liability to an owner under Title VII would be contrary to Congressional intent). Accordingly, Olzerowics does not meet the definition of "employer" under Title VII and, as such, Plaintiff's claim would not sustain a motion to dismiss. Thus, the Court denies Plaintiff's request to add Olzerowics as a party to this matter without prejudice.

Lastly, Plaintiff's claims for defamation are barred because they were not filed within the one-year statute of limitations, and Plaintiff otherwise failed to demonstrate *prima facie* defamation claims. Initially, to demonstrate a *prima facie* defamation claim, a plaintiff must establish that the opposing party made a factual defamatory statement about the plaintiff that was false, disclosed or published to a third party and that that the opposing party is at fault for the harm caused to plaintiff. *Feggans v. Billington*, 291 N.J. Super. 382, 393 (App. Div. 1996); *McLaughlin v. Rosanio, Bailets & Talamo*, 331 N.J. Super. 303, 312 (App. Div. 2000). Also, under New Jersey law, every action for libel must be commenced within one year of the act in

question. N.J. Stat. Ann. § 2A:14-3. Notably, the discovery rule exemption that tolls the statute of limitations in torts claims until an aggrieved party learns of his injury (*see generally Urie v. Thompson*, 337 U.S. 163 (1949); *Green v. United States*, 180 Fed. App'x 310, 313 (3d Cir. 2006)), is inapplicable to defamation claims under New Jersey law. *Lawrence v. Bauer Pub. & Printing Ltd.*, 78 N.J. 371, 374-75 (1979) (quoting *Burd v. N.J. Telephone Co.*, 76 N.J. 284, 291 (1978) (internal quotations omitted)). Instead, New Jersey law mandates that the statute of limitations for a defamation claim begins to run from the date of publication. *Id.* at 375; *O'Donnell v. Simon*, 362 Fed. Appx. 300, 305 (3d Cir. 2010) (affirming district court's dismissal of plaintiff's defamation claim filed over one year after the incident as time barred).

Here, the Plaintiff offers several instances as examples of defamation, the most recent incident occurring in March 2009. Yet, the plaintiff did not file a motion to amend the complaint until February 2011, nearly two years after the aforementioned occurrence. As a result, Farzan's claims for defamation would not survive a motion to dismiss because they would be time barred. Moreover, regardless of whether the statute of limitations for the defamation claims tolled, the Court finds that Plaintiff has failed to demonstrate that the statements were false, defamatory, published to a third-party or otherwise harmed his reputation. Since Farzan untimely filed his defamation claims and otherwise failed to demonstrate a *prima facie* defamation case, the Court denies leave to amend the Complaint to include same without prejudice.

### III.  CONCLUSION

Based on the foregoing, and for good cause shown, it is ORDERED that Plaintiff's motion to amend the Complaint (Doc. No. 51) is denied without prejudice.

_____
MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE

7